UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CHRISTINE HAYES,<br>           Plaintiff,<br><br>      v.<br><br>BOSTON PUBLIC HEALTH<br>COMMISSION and BARBARA FERRER,<br>           Defendants. | )<br>)<br>)<br>)<br>)  Case No._____<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT, JURY DEMANDED**

**I.     INTRODUCTION**

1.     This is an action brought by Plaintiff Christine Hayes, Deputy General Counsel of the Boston Public Health Commission, for race discrimination in violation of M.G.L. c. 151B, §§ 4(1), 4(A) and (5) and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et. seq*. This case arose when the Defendant Boston Public Health Commission and its Executive Director, Defendant Barbara Ferrer, made its promotion decision for the position of General Counsel on the basis of race or color and, in so doing, bypassed the Plaintiff for promotion to the position of General Counsel in favor of a less qualified candidate based on that candidate's race or color.

**II.    JURISDICTION**

2.     The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1367. This case arises under a law of the United States, Title VII of the Civil Rights Act of 1964, and the Court has pendent jurisdiction over the related state law claims.

### III. PARTIES

3. Plaintiff Christine Hayes is an adult resident of Boston, Massachusetts. She is a non-Hispanic Caucasian ("White").

4. Defendant Boston Public Health Commission ("BPHC" or the "Commission") is a political subdivision of the Commonwealth of Massachusetts with its principal offices at 1010 Massachusetts Avenue, Boston, Massachusetts.

5. Defendant Barbara Ferrer is the Executive Director of the BPHC and, upon information and belief, is a resident of the Commonwealth of Massachusetts.

### IV. STATEMENT OF FACTS

6. Attorney Hayes was admitted to practice law in Massachusetts in December 1983 and has been a practicing attorney in good standing since that time. She has extensive litigation experience in civil court and administrative hearings as well as management and supervisory experience from her time in the United States Navy as well as at a private law firm.

7. Attorney Hayes began working at the Commission on July 23, 2003, as an Assistant General Counsel. As Assistant General Counsel, Attorney Hayes served as lead counsel, litigating cases before state agencies, trial court, and the Appeals and Supreme Judicial Courts of Massachusetts. She also provided assistance to the Commission's various program directors regarding policies, procedures, discipline, and other legal advice. In addition, she performed other duties to support the mission of the Commission and the General Counsel and handled internal labor and employment issues.

8. On December 3, 2007, the Commission promoted Attorney Hayes to the position of Deputy General Counsel.

9. From approximately December 2007 to July 2008, Attorney Hayes handled certain duties of the General Counsel while the General Counsel took on the duties of Director of Administration and Finance for the Commission. Attorney Hayes's additional duties included assigning work, handling calls from program directors and bureau chiefs, continuing to litigate cases, and having settlement authority.

10. In or around August 2008, the Commission posted the position of General Counsel. The minimum qualifications included five years of general civil litigation experience, with a preference for experience having practiced law in a public health or health care setting and in management. The posting also indicated a requirement of having excellent oral advocacy skills and listed litigation among the duties of the position.

11. Attorney Hayes applied for the position on August 28, 2008. At the time of her application, Attorney Hayes possessed much more experience than that required by the posting.

12. The Commission interviewed ten people for the General Counsel position, including Attorney Hayes. Three of those interviewed were African American/Black ("Black") and seven, including Attorney Hayes, were White.

13. The Commission gave second interviews to all of the Black candidates and to one of the White candidates, not including Attorney Hayes. Upon information and belief, the White candidates who were passed over for a second interview had extensive experience as attorneys, ranging from approximately twelve (12) to thirty-two (32) years.

14. On or around October 21, 2008, Executive Director Barbara Ferrer, on behalf of the Commission, appointed Nakisha Skinner to the General Counsel position. Ms. Skinner, a Black woman, had been an attorney for less than five years when she applied and when she was appointed and she lacked the litigation skills and experience of Attorney Hayes (as well as other candidates). Ms. Skinner therefore did not meet the minimum qualifications for the position and was less qualified than Attorney Hayes.

15. When Executive Director Ferrer announced the appointment of Ms. Skinner to the position of General Counsel in October 2008, Ferrer said that she had not seen a General Counsel of color during her time. In that same meeting, Dr. Ferrer acknowledged that Ms. Skinner lacked experience and claimed that other finalists did not have that much experience anyway.

16. Upon her appointment, Ms. Skinner herself indicated to Attorney Hayes that she lacked litigation experience.

17. Participants in the hiring process and those familiar with the process have stated that Dr. Ferrer pressured the search committee to select Ms. Skinner as General Counsel and that Ms. Skinner was Dr. Ferrer's choice for the position even before the process was begun.

18. In addition, Dr. Ferrer had previously indicated in hiring for other positions, including the positions of Deputy Director and Director of Administration and Finance, that she preferred to have a person of color selected as the final candidate. Ultimately, the Deputy Director position went unfilled. Upon information and belief, the Deputy Director position went unfilled due to budget issues and lack of applications from qualified candidates. Upon

information and belief, only one person had applied for the position and no persons of color applied for the position of Director of Administration and Finance.

19. The Commission and Dr. Ferrer promoted Ms. Skinner to the position of General Counsel based on her race and color.

**V.      EXHAUSTION OF ADMINISTRATIVE REMEDIES**

20. The Plaintiff filed a charge of discrimination against the Defendants with the Equal Employment Opportunity Commission and the Massachusetts Commission Against Discrimination ("MCAD") on or about March 27, 2009.

21. On or about September 29, 2011, the MCAD dismissed the Plaintiff's charge.

**COUNT I**
**STATE RACE DISCRIMINATION LAW**

22. The Plaintiff adopts and incorporates paragraphs 1 through 21.

23. Defendants BPHC and Ferrer discriminated against the Plaintiff due to her race and color by appointing a less-qualified Black person to the General Counsel position and by utilizing race and color as the motivating factor in appointing that candidate in violation of Mass. Gen. L. c. 151B, §§ 4(1), 4(A) and 5.

**COUNT II**
**FEDERAL RACE DISCRIMINATION LAW –**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**

24. The Plaintiff adopts and incorporates paragraphs 1 through 20.

25. Defendants BPHC and Ferrer discriminated against the Plaintiff due to her race and color by appointing a less-qualified Black person to the General Counsel position and by utilizing race and color as the motivating factor in appointing that candidate in violation of 42 U.S.C. § 2000e-2.

## JURY DEMAND

Plaintiff requests a trial by jury on all of her claims.

**WHEREFORE**, the Plaintiff requests this Honorable Court to order the Defendants to promote the Plaintiff to the position of General Counsel; to make the Plaintiff whole for lost wages and benefits; to grant the Plaintiff consequential damages, damages for emotional distress, and punitive damages arising out of the Defendants' unlawful conduct; to grant the Plaintiff her costs and attorneys' fees; and to grant the Plaintiff any other relief to which she may be entitled.

    Respectfully submitted,

    CHRISTINE HAYES,

    by her attorneys,

    /s/ Alfred Gordon
    Alfred Gordon, BBO # 630456
    PYLE ROME EHRENBERG, PC
    18 Tremont Street, Suite 500
    Boston, MA 02108
    (617) 367-7200

Dated: October 21, 2011